**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALI NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )     No. 4:25-cv-01664-SEP |
| NORTH COUNTY POLICE | ) |
| COOPERATIVE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Ali Newman filed this civil rights action on November 6, 2025, by filing a typed Complaint. *See* Doc. [1]. Plaintiff's initial filing is deficient as set forth below.

Plaintiff has neither paid the filing fee nor filed a motion to proceed without prepaying the fees. The Court orders Plaintiff to, **no later than 21 days from the date of this Memorandum and Order**, either (1) pay the $405 filing fee or (2) file a motion to proceed without prepaying the fees. *See* 28 U.S.C. § 1915(a)(1). Failure to timely pay the filing fee or file the motion to proceed without prepaying fees will result in the Court dismissing this case without prejudice and without further notice.

Plaintiff must also amend her Complaint on a Court-provided Prisoner Civil Rights Form[1] in a manner compliant with this Order. *See* E.D.Mo. L.R. 2.06(A). Her initial filing is not on a Court-provided form, does not clearly state the specific defendants by name,[2] and names parties that cannot legally be sued.[3] Doc. [1] at 1. Because Plaintiff is *pro se*, the Court will

---

[1] Though Plaintiff is not incarcerated, the Prisoner Civil Rights Form includes information helpful for suing government officials, including what capacity a plaintiff is suing under.

[2] In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution").

[3] Plaintiff's claims against the North County Police Cooperative are subject to dismissal because "departments or subdivisions" of local governments are not "juridical entities suable as such." *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming dismissal of county jail and sheriff's department as non-suable entities).

allow her to amend her pleading.  Plaintiff should bear in mind that an amended complaint will entirely replace the original, so she must include every claim she wishes to pursue in the amended pleading.  *See, e.g.*, *In re Wireless Telephone Federal Cost recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Any claims not included in an amended complaint will be deemed abandoned and will not be considered.  *Id.*  Plaintiff is further advised that allegations in an amended complaint may not be conclusory, meaning that Plaintiff must plead facts that show how each defendant is personally involved in or directly responsible for the alleged harm.  If Plaintiff wishes to sue a defendant in his or her individual capacity, Plaintiff must specifically say so in her amended complaint.  If Plaintiff fails to file an amended complaint on the Court's form **within 21 days** and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is instructed to provide Plaintiff with two copies of the Court-provided form for filing prisoner civil rights complaints, as well as two copies of the Court-provided form for seeking leave to proceed in the District Court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that the Court orders Plaintiff to, **within 21 days of the date of this Memorandum and Order** either (1) pay the $405 filing fee or (2) file a motion to proceed without prepaying the fees.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, this matter will be **DISMISSED** without prejudice.

Dated this 30th day of April, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2